(116 App. Div. 861)

SHEPARD v. WOOD.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

1. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—ACTIONS—COMPLAINT.
     A complaint, alleging that defendant ran into plaintiff with his automobile on September 3, 1904, is good, although defendant's servant was driving the automobile, and defendant was not in it at all, and the accident occurred on the 2d or the 4th.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1268.

2. PLEADING—ANSWER—DENIALS—NEGATIVE PREGNANT.
     A complaint alleged that defendant ran into plaintiff with his automobile on September 3, 1904, and the answer was a denial in hæc verba, and that defendant was personally present, and did the act. Held, that the answer was a negative pregnant.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 261, 262.]

3. SAME—BILL OF PARTICULARS—MOTION.
     A motion for a bill of particulars was properly denied to a defendant whose answer was a negative pregnant.

4. SAME—PARTICULARS.
     A motion for a bill of particulars, in an action for damages caused by defendant's running into plaintiff with his automobile, called for the precise hour of the accident, description of the place, direction plaintiff was going, distance between horse and automobile when plaintiff's horse turned, as alleged in the complaint, relative position of truck against

which plaintiff was thrown, and side and direction it was being driven, side on which plaintiff was driving, number of automobile, description of it, number and description of persons in it. *Held*, that the motion was an imposition on the court, and refusal to grant any part of it was justifiable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 956.]

Appeal from Special Term, Westchester County.

Action by Almyr J. Shepard against Charles E. Wood. Motion for bill of particulars denied, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

John · W. Ingram, for appellant.

GAYNOR, J. The complaint is that the defendant ran into the plaintiff with his automobile on September 3d, 1904, on Bedford road near Cottage p'ace, in the town of Mount Pleasant, Westchester county, while the plaintiff was driving his horse and cart there. This complaint is good whether the defendant was himself driving his automobile, or in it at all. The cause of action will be made out if the defendant's servant did the act. It will be also made out even though the date be the 2d or 4th instead of the 3d.

But the answer, instead of being a general denial, is a denial of the complaint in hæc verba, following the date, etc., just as al'eged, and is also restricted to a denial that the defendant was personally present and did the act. This is clearly a negative pregnant with the truth of the facts necessary to sustain the complaint, and therefore no denial at all in pleading.

For this reason alone the motion for a bill of particulars was properly denied.

But the motion was in itself a gross abuse and imposition on the court below, calling as it did for the date, the precise hour, a more precise description of the p'ace, the direction from Cottage place the plaintiff was coming, the distance between the horse and the automobile when the plaintiff's horse turned, as alleged in the complaint, the relative position of the truck on the highway against which the plaintiff was thrown, as al'eged in the complaint, on which side it was being driven and the direction, on which side the plaintiff was driving, the number of the automobile, a description of it, including the make, size, color, the number of seats, whether they faced, or were back to back, or faced forward, whether the motive power was gasoline or steam, the character of the automobile, whether it was light or heavy, a runabout, touring car, or other class of vehicle, whether it had a tonneau, whether it was enclosed, or had a canopy or covering, or an open car, how many persons occupied it, a description of the driver and other occupants, giving their apparent age, sex and dress, whether they wore goggles, spectacles or masks; and any other particulars known to the plaintiff which would tend to identify the automobile. No judge at Special Term can be expected to look with favor or any leniency on such a demand as this. It trifles with the practice of the courts and the administration of justice.

In this jumble of requests the judge below did not pick out that for the hour of the day and grant it (which is made the chief grievance here), and he was entirely justified in not doing so. If that is what the defendant wanted he should have asked for it specifically, and shown that he needed it.

If the defendants' automobile was not there at all, that can easily be made to appear on the trial. The defendant can prove it was not there at all on the day of the accident as easily as that it was not there at some particular hour that day. This is not like the case of a street car accident, where the company may require the hour of the day in order to identify the car out of many cars. We must allow the judgment and discretion of judges of first instances to have some weight, for the sake of the respect due to them in the administration of justice, and which may very easily be impaired by us, if for no other reason. It cannot be said that the judge below did not exercise good judgment and discretion in this instance. The lack thereof is wholly on the side of the defendant.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.