Ex PARTE HARRY B. CLARKSON.

Opinion Filed Aug. 9, 1916.

The Circuit Court having jurisdiction to decide that the offense of embezzlement committed on one date is a different offense to an embezzlement committed the day before that date, its order sustaining a demurrer to a plea of *autrefois acquit* will not be reviewed on *habeas corpus*.

Original Proceeding in Habeas Corpus.

Writ discharged.

*H. M. Hampton,* for Petitioner;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

PER CURIAM.—Upon an original petition to this court, a writ of *Habeas Corpus* was granted Harry B. Clarkson. Upon the return to the writ, the petitioner moved his discharge.

From the return it appears that Clarkson was tried upon an indictment charging him with embezzling five hundred dollars from the Marion Hardware Company, a corporation, the date of the embezzlement being charged as August 15, 1915. A bill of particulars being demanded, an itemized statement was furnished by the State covering the dates July 2, 1914, to March 30, 1915. Upon the trial the defendant successfully objected to testimony offered and the court directed a verdict of acquittal. Thereupon a new indictment was presented alleging the embezzlement, being in the same language as the first indictment excepting only the date was placed as April 1, 1915, and the defendant was alleged to have been the President of the Corporation, and not "the President and General Manager," as in the former indictment. Again the defendant demanded a bill of particulars and one was furnished, showing items beginning April 1, 1915, and continuing to July 31. The defendant interposed a plea of *autrefois acquit,* and a demurrer thereto being sustained, this writ was promptly obtained.

Without a critical examination of the allegations of the plea, we are satisfied upon mature reflection that we are confronted not with a question of jurisdiction, but a mere possible error in the ruling of the Circuit Court, and that therefore the writ of *habeas corpus* was improvidently allowed.

The Circuit Court has full power and jurisdiction to

adjudge whether the offense was a separate or a continuing one. By his own action in demanding a bill of particulars, the petitioner shut off the State from proving any embezzlement subsequent to the last of March, and the State may have by indavertence unduly narrowed its indictment beyond the knowledge of witnesses then accessible. In other words, the Circuit Court had the power to decide that the offense of embezzling money on the first of April was a different offense from embezzling money on the thirtieth of March, even though the party wronged and the wrong doer were identical, and the wrong doer had continuous access by virtue of his employment to the funds of the party injured.

Though the minutes of the court do not disclose that the acquittal was ordered upon the ground of variance in the matter of time, they do not negative this suggestion.

The case has not reached its final stage, as in Nielsen, Petitioner, 131 U. S. 176, 9 Sup. Ct. Rep. 672, and the cases hold that the ruling may not be reviewed by *habeas corpus*. See 12 R. C. L. p. 1206; Hovey v. Sheffner, 16 Wyo. 254, 93 Pac. Rep. 305, 125 Am. St. Rep. 1037, 15 Ann. Cas. 318, 15 L. R. A. (N. S.) 227. Also Bronk v. State, 43 Fla. 461, 31 South. Rep. 248.

Writ discharged and prisoner remanded.

TAYLOR, C. J., and SHACKLEFORD. COCKRELL, WHITFIELD and ELLIS. JJ.. concur.