ALBERT CLINTON SMITH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed February 12, 1927.

1. The question of whether a bill of particulars shall be furnished to a. defendant upon request by him, or in his behalf, rests largely in the discretion of the trial court.

2. The power to direct the furnishing of a bill of particulars does not depend upon any express statutory provision, but upon the general authority of the Court to regulate the conduct of trials. The power should always be exercised when there is danger that otherwise a party may be deprived of his rights, or that justice may not be done; but the defendant has a right to such bill of particulars only when the indictment does not give him adequate notice of the charge he is expected to meet.

3. While there is no doubt of the power of the trial court to direct that a bill of particulars in a criminal case be furnished, yet the question whether it shall or shall not be furnished in the particular case is within the reasonable discretion of the trial judge.

4. A trial court should not permit the introduction of evidence of a defendant's confession until sufficient proof of the *corpus delicti* is first given, but if the confession be admitted without such proof, and additional evidence upon that subject is afterwards introduced, independent of the confession, which would have justified the admission of such confession, the error in prematurely admitting it will be cured.

5. Before a person charged with a particular crime can be lawfully found guilty, it is necessary to establish the *corpus delicti* by proof *aliunde* the confession of the accused.

6. The purpose of a bill of particulars in a criminal case is to advise the defendant more fully than the indictment or

information, as to the nature and cause of the accusation against him, and to enable him more readily to prepare his defense.

7. A bill of particulars is no part of the pleadings; it neither weakens nor strengthens the indictment or information, although it may have the effect of narrowing the indictment as to the time within which the acts alleged constituting the offense may be proved.

8. When the bill of particulars confines the embezzlement charged in the indictment to a particular month, and confines the property taken to lawful money of the United States coming into the hands of the defendant by reason of his employment from named persons during the month specified; proof of embezzlement during some other month, or of embezzlement of funds derived from other sources than those specified in the bill of particulars, will not warrant a conviction.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Judgment reversed.

*Edgar W. Waybright,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant, for the State.

HARRISON, Circuit Judge—Plaintiff in error was convicted of the offense of embezzlement upon an information charging ''that Albert Clinton Smith, late of the County of Duval, and State of Florida, on the first day of December, in the year of our Lord One Thousand Nine Hundred and Twenty-three, in the County and State aforesaid, being then and there the agent and servant of the Georgia Stevedoring Company, a corporation, then and there doing business in Duval County, State of Florida, did then and

there by virtue of his employment as such agent and servant, receive and take into his possession one lot of paper bills and silver coins, of the value of seventy-nine hundred and fifty dollars, of the money and currency of the United States, a more particular description of which said lot of paper bills and silver coins is to your informant unknown, of the money, goods and chattels of the said Georgia Stevedoring Company, a corporation as aforesaid, and did afterwards, to-wit, then and there embezzle and fraudulenty convert the same to his own use without the consent of the said Georgia Stevedoring Company, a corporation as aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida.''

Upon motion for bill of particulars the County Solicitor on September 13th, 1924, pursuant to order of the Court, filed bill of particulars by which plaintiff in error was informed ''that said paper bills and silver coins to the amount of seventy-five hundred dollars ($7,500) were during the month of December, A. D. 1923, received and taken into your possession from divers and sundry persons, firms and corporations, including the Atlantic National Bank of Jacksonville, a corporation, transacting and doing business with the said Georgia Stevedoring Company, and paying money to said Georgia Stevedoring Company in and about said transactions, and doing business with said Georgia Stevedoring Company during the month of December, A. D. 1923.''

The bill of particulars further recites the seventy-five hundred dollars ($7,500) was carried by plaintiff in error in the petty cash of the said Georgia Stevedoring Company and was by him or under his direction entered in the cash book of said company on December 31st, A. D. 1923, as a deposit in the Atlantic National Bank of Jacksonville.

It is further set up in the bill of particulars that plaintiff in error as the clerk, cashier and bookkeeper of the said Georgia Stevedoring Company did embezzle and convert to his own use four hundred and fifty dollars ($450.00) during the months of February and March, A. D. 1924, of monies received and taken into his possession by virtue of his employment, which was carried by him in cash book as petty cash.

Motion was made for more definite bill of particulars and amended or additional bill of particulars was filed by which the plaintiff in error was informed "the statement or charge made against you in the information herein, is the embezzlement and fraudulently converting to your own use one lot of paper bills and silver coins of the value of $7,950.00 of the money and currency of the United States, of the money, property, goods and chattels of the Georgia Stevedoring Company, a corporation organized and existing under and by virtue of the laws of the State of Georgia, and doing business in the County of Duval, and State of Florida; that said lot of paper bills and silver coins were received and taken into your possession by virtue of your employment as clerk, cashier and bookkeeper of said Georgia Stevedoring Company, a corporation as aforesaid; that said paper bills and silver coins to the amount of $7,500.00 was during the month of December, A. D. 1923, received and taken into your possession from the Atlantic National Bank of Jacksonville, a corporation, and from divers and sundry other persons, firms and corporations, whose name or names, address or addresses, is or are to the county solicitor unknown, transacting and doing business with the said Georgia Stevedoring Company, and paying money to the said Georgia Stevedoring Company in and about said transactions and doing business with the said Georgia

Stevedoring Company during said month of December, 1923.''

The bill of particulars then, as in the former bill, alleges that the sum of $7,500.00 was carried as petty cash and entered by plaintiff in error or under his direction as a deposit in Atlantic National Bank of Jacksonville, Florida, on December 31st, 1923. And alleges further, that during months of February and March, A. D. 1924, by virtue of his employment plaintiff in error received and took into his possession the sum of $450.00 in paper bills and silver coins which had before that, to-wit, during February and March, A. D. 1924, been received from said Atlantic National Bank of Jacksonville, a corporation, and from divers and sundry other persons, firms, corporation or corporations, the names and addresses being to the solicitor unknown. The same was carried in petty cash account and embezzled and converted to his own use therefrom.

There was another motion for more specific bill of particulars, which motion was granted, however, on report of the solicitor that he was unable to furnish other or additional information, it was ordered that the trial proceed. This ruling constitutes one of the assignments of error.

In view of the nature of the testimony introduced in the trial of the case it is only necessary to state that it was within the discretion of the trial judge to allow or reject the motion for more specific bill of particulars. Branch v. State, 76 Fla. 558, 80 South Rep. 482; Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938; Brass v. State, 45 Fla. 1, 34 South. Rep. 307, Mathis v. State, 45 Fla. 46.

The second and third assignments of error also deal with the motions relating to the bill of particulars, and are considered together by counsel for plaintiff in error in his brief.

And, as stated, in relation to the first assignment, there is no merit in these assignments of error.

The fourth, sixth, ninth and tenth, assignments of error are considered together by counsel for plaintiff in error and all relate to testimony introducd over objection as to admissions or confessions of the plaintiff in error to the witness Walter J. Smith, J. C. Outlet, Hanes and Strachan. The objection urged being that the *corpus delicti* had not been proven.

From careful review of the testimony it appears there was such testimony introduced as would *prima facie* establish the *corpus delicti* considering the information alone. Though should this have not been the fact, yet after the admission of the admissions of plaintiff in error, there was other and additional testimony produced to *prima facie* establish the *corpus delicti,* as charged in the information.

This Court has held:

"The Court should not permit the introduction of evidence of defendant's confession or other evidence of guilt until the *corpus delicti* is first established *prima facie* by proper proof. Yet, if the confession be admitted prior to such proof and additional proof of the *corpus delicti* is afterwards introduced, independent of the confessions, which *prima facie* establishes the *corpus delicti,* and would have justified the admission of such confessions, the technical error in prematurely admitting the confession will be cured." Parrish v. State, — Fla. —, 105 South. Rep. 130; Lambright v. State, 34 Fla. 564, 16 South. Rep. 582; Gantling v. State, 41 Fla. 587, 26 South. Rep. 737; Anthony v. State, 44 Fla. 1, 32 South. Rep. 818. While the evidence tended to establish the *corpus delicti* as set forth in the information, yet the bill of particulars first supplied, and the additional bill each put the plaintiff in error on notice that the $7,500.00 alleged to have been taken by him, came

into his hands in December, A. D. 1923, by reason of his employment as clerk, cashier and bookkeeper of Georgia Stevedoring Company, a corporation. That the same was received by him in December, A. D. 1923, from divers persons, firms and corporations, to the solicitor unknown, and from the Atlantic National Bank, a Jacksonville corporation.

All the testimony, whether introduced before or after the first introduction of the admission or confession by the plaintiff in error clearly establishes that the plaintiff in error as bookkeeper, clerk and cashier, of the Georgia Stevedoring Company, a corporation, by his records, had a balance on hand November 30th of $10,253.76. That he disbursed or paid out during the month of December, according to the books, $4,561.90. In addition to the balance he brought forward of $10,253.76, he drew from the bank for petty cash purposes which would be added to that ten thousand dollars which he said he had that much in the cash drawer, making a total of $14,003.76.

Now from that amount he spent $4,561.90, which deducted from the $14,003.76, leaves a balance of $9,441.76. Now he showed as being carried forward from December 31st to January, according to the books $1,941.86, that subtracted from the $9,441.86, leaves $7,500.00.

The above statement as to the account is taken from the testimony of Witness Walter J. Smith, who was auditor for the Georgia Stevedoring Company.

Mr. Smith testified on cross-examination in answer to this question: ''You don't know by whom or from whom that was received or when it was received by the defendant?'' Ans.: ''That would have been received in the same manner as the check drawn during December.'' Ques.: ''Do you know from whom it was received, if it was received at all?'' Ans.: ''The Atlantic National Bank

through the same process as those other checks.'' Ques.:
''But there have been no checks offered here to show the
receipt of the money by the defendant?'' Ans.: ''That
could be offered.''

From this testimony it will be observed that the books
showed a balance carried over from November into Decem-
ber of $10,253.76. The testimony also shows that during
the month of December there was withdrawn from the At-
lantic National Bank $3,750. There was spent legitimately
by the plaintiff in error $4,561.90.

We here run against the inescapable conclusion that any
shortage, defalcation or embezzlement of funds from this
company is not shown to be from any funds which had been
during the month of December, 1923, withdrawn from the
Atlantic National Bank or any sum received by the Georgia
Stevedoring Company from any persons, persons, firm or
corporation, during the month of December, 1923. It being
conclusively shown by the State's own testimony such short-
age or embezzlement arose from a depletion of its funds
which had been carried forward as a balance from Novem-
ber into the month of December, as shown by the record.

This Court has held the bill of particulars is no part of
the pleadings, and the indictment is neither strengthened
nor weakened by it, although the bill of particulars may
have the effect to narrow the indictment as to the time
within which the act alleged constituting the offense may
be proved. The bill of particulars apprized the defendant
of the source from whence the money came into the defend-
ant's hands and the time when he received it. Middleton v.
State, 74 Fla. 234, 76 South. Rep. 785; *Ex parte* Clarkson,
72 Fla. 220, 72 South. Rep. 675.

Considering all the testimony as pointed out above there
is clearly a variance between the proof and the charge as
to the time within which the offense was committed as con-

fined by the bill of particulars. Since this information is confined by the bill of particulars to sums of money received during the month of December, 1923, we then are compelled to agree with counsel for plaintiff in error that the *corpus delicti* was never at any time proven as limited by the bill of particulars.

Further consideration of the remaining assignments of error would appear to be unnecessary in this case but for the fact that as concerning the charge of embezzling $450.00 of the funds or property of the Georgia Stevedoring Company during the months of February and March, 1924.

There is testimony to the effect that the accounts were short this amount. Plaintiff in error was shown to have admitted the shortage and had repaid the same upon the matter being called to his attention. The proof at its best tends only to show this amount of shortage in his books and record without having exhibited to the court and jury in this case any evidence that this particular sum was received by the plaintiff in error from the Atlantic National Bank, or from any other person or persons, firm or corporation, during the month of February and March, as it is limited to these dates by the bill of particulars, and to that extent the *corpus delicti* wasn't proven as regards this sum.

There is one further objection which we deem it advisable to consider, and that was the introduction and submission to the jury of the certificate of the bank balance which had been altered. It is contended by counsel for plaintiff in error this instrument was secondary evidence and we would be compelled to agree with him if, in fact, it was admitted for the purpose of establishing what the balance was at the date of the making of the certificate. It appears, however, the instrument evidently was admitted for the purpose of showing its changed nature and the evident

attempt on the part of some person to conceal the true balance on deposit.

True, the testimony of Walter J. Smith is no wise positive that he ever delivered the certificate prepared by him showing the bank balance to the plaintiff in error, and taken at its best he only thought he delivered it to plaintiff in error. There is other testimony on this point, however, that of the witness, Mr. Hanes, who testified that he had exhibited the certificate to plaintiff in error. That plaintiff in error had stated to him he had changed the certificate by raising it ten thousand dollars. This assignment of error must therefore fall as the certificate was properly exhibited to the jury.

A discussion of points involved in the remaining assignments of error would be of no service, as the case must be sent back for a new trial because of the errors hereinbefore pointed out.

The judgment is reversed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.