Helen E. Cutler, Plaintiff, v. Simon Silverstein, Defendant.

Supreme Court, Bronx County, July 28, 1927.

**Pleadings — bill of particulars — action for injuries suffered by plaintiff when struck by defendant's automobile — use of blanket form of application criticized — application granted in part.**

The use on a motion for a bill of particulars in an action to recover for personal injuries suffered by the plaintiff when struck by the defendant's automobile of a blanket form of application which contains a request for particulars not associated with the cause of action, is criticized.

Plaintiff's motion is granted as to certain items and also as to so much of another item as will disclose the nature, location and extent of the injuries.

Motion for bill of particulars.

*Frederick N. Van Zandt*, for the plaintiff.

*Herschaft & Lamkay*, for the defendant.

Gibbs, J. Plaintiff seeks to recover damages for personal injuries alleged to have been caused through the negligence of the defendant. The complaint alleges, among other things, that defendant owned, controlled and operated an automobile; that while plaintiff was standing in a public highway in the city of New York awaiting the arrival of a surface car, she was struck by the automobile of defendant.

The defendant moves for a bill of particulars.

The affidavit of one of the attorneys for defendant alleges that in order to properly prepare the defense it is necessary that defendant be apprised of the particulars asked for. The demand for a bill of particulars upon which this motion is based is a printed form. It contains requests for particulars which are in no way

associated with the action. In fact they are absurd in view of the allegations in the complaint. For example the 12th item requests information as to the manufacturer's name, make and State license number of plaintiff's automobile, the year in which it was built and items of damage sustained thereto. The complaint explicitly alleges that plaintiff was a pedestrian and nowhere is there any mention of an automobile owned by her. It is evident that the attorney making the affidavit in support of the motion did not read the demand upon which the application is based. Such practice to say the least is careless and inexcusable. It will not be tolerated by the courts. An application somewhat similar to the motion before this court was made in *Shepard* v. *Wood* (116 App. Div. 861) where the late Mr. Justice GAYNOR said: " The motion was in itself a gross abuse and imposition on the court below. * * * No judge at Special Term can be expected to look with favor or any leniency on such a demand as this. It trifles with the practice of the courts and the administration of justice."

The practice of using a blanket form of demand should be discouraged. Attorneys should use greater care in the preparation of all papers, especially those submitted to the courts for judicial consideration.

Motion for bill of particulars is granted as to items 2, 9, 10, 11, and so much of item 8 as will disclose nature, location and extent of injuries claimed to be of a permanent character. In all other respects this motion is denied, with ten dollars costs.