200 So.2d 577 (1967)
Curtis L. HUNTER, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 66-828, 66-916.
District Court of Appeal of Florida. Third District.
June 27, 1967.
*578 Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
This is an appeal by the defendant from a judgment and sentence following a non-jury trial and conviction of the crime of robbery. The defendant was sentenced to imprisonment in the State Penitentiary for a term of 20 years.
The trial court also revoked an order placing the defendant on probation in a prior criminal action and sentenced him to imprisonment for 5 years, said sentence to run concurrently with the 20 year sentence.
On March 4, 1964, the defendant was adjudged guilty of grand larceny and the imposition of sentence was deferred "from day to day and term to term until further order of this court." He was placed on probation "for a term of INDEF years". The maximum term of sentence for the crime of grand larceny is five years.
On May 31, 1966, an information was filed charging the defendant with robbery. The information did not specify the location of the alleged offense. In response to the defendant's motion for a bill of particulars, the state alleged that the robbery took place at "North west 15th Street and 7th Court, Dade County, Florida."
The evidence reveals that on May 25, 1966, at approximately 1:00 A.M., the victim, a taxi cab driver, received a call to pick up a passenger at N.W. 46th Street and 17th Avenue. Upon arriving at the designated location, the defendant entered the cab and requested to be driven to Jackson Memorial Hospital. In the vicinity of N.W. 20th Street and 10th Avenue, the driver was instructed not to turn around or look in the mirror. The driver did turn around and saw that the defendant was holding a pistol. After traveling a few more blocks, the defendant indicated that he wanted the driver to turn to 17th Street and then go down 7th Court. At this point, the driver said, "Here, take the money and get out." The defendant answered, "No, you got to take me where I want to go first." The driver then said, "Take the money anyway." When the defendant reached for the money, the driver jammed on the brakes and drove his cab onto the curb. The defendant then fled from the scene with the driver's money.
The defendant contends that there was a material variance as to location of offense between the bill of particulars and the proof offered by the State at the trial of the cause. Defendant also contends that the sentence of five years for grand larceny is illegal and void.
"The purpose of a bill of particulars is merely to give the defendant notice of the particular acts relied upon by the state to establish the crime charged, that the defendant may be fully advised of the nature and cause of the accusation against him, and that he may have an opportunity to prepare a defense." Middleton v. State, 74 Fla. 234, 76 So. 785 (1917).
The record does not disclose a variance between the bill of particulars and *579 the proof as to the location of the offense. The bill of particulars reflects that the location of the offense was N.W. 15th Street and 7th Court, Dade County, Florida. The proof reveals that the money was taken soon after the driver was told to turn to N.W. 17th Street and go down 7th Court. This would place the offense at or in close proximity to the location reflected in the bill of particulars. If there were a variance, it was not brought to the attention of the trial court. Further, the bill of particulars does locate the offense within the jurisdiction of the court and it has not been shown that if there were a slight variance that it misled, surprised or in any way prejudiced the defendant in the preparation of his defense. Cannon v. State, 91 Fla. 214, 107 So. 360 (1926).
Defendant's second contention is conceded by the state to have merit. A suspension of sentence from day to day and term to term is illegal. Drayton v. State, Fla.App. 1965, 177 So.2d 250, 251. The court, however, does not lose jurisdiction to impose a lawful sentence even though the term during which the defendant was convicted and the illegal order was entered has passed. However, "[T]he last day of any sentence validly imposed would have to expire at the end of the extreme period of any original sentence which he could have been given at the time of the adjudication of guilt." Drayton v. State, supra at 252.
Because the sentence imposed for the grand larceny conviction does not expire within the period as described above, the five year sentence for grand larceny must be set aside and the cause remanded in order that a proper sentence might be imposed.
Accordingly, the judgment appealed is affirmed. The sentence of five years for grand larceny is set aside and the cause remanded with directions.