LILES, Judge.
Defendant, appellant here, Henry Cleveland Barber, was charged by way of information with breaking and entering with intent to commit a felony, to-wit: grand larceny. He was found guilty by a jury and sentenced to a term of six months to five years by the trial judge.
Appellant raises five points here, however, only the first is worthy of comment. *3 That is, that the trial court erred when it denied defendant’s motion to strike the testimony relating to a building located in a place different from that where the alleged breaking and entering occurred pursuant to the statement of particulars. During the trial the defendant filed a motion to strike all testimony concerning evidence of breaking and entering of a building in the 600 Block of Tenth Street, since the bill of' particulars indicated the address for the breaking and entering to be at 720 Tenth ’Street, Palmetto, Florida. The court denied the motion and as has been stated above this was one of the grounds for appeal.
The purpose of a bill of particulars is merely to give the defendant notice of the particular acts relied upon by the state to establish the crime charged, in order that the defendant will have a proper opportunity to prepare a defense. Middleton v. State, 74 Fla. 234, 76 So. 785 (1917); Hunter v. State, Fla.App.1967, 200 So.2d 577. In deciding whether a variance between the information and the bill of particulars is fatal to the judgment it is necessary to determine whether the defendant may have been misled or embarrassed in the preparation or presentation of his defense. Cannon v. State, 91 Fla. 214, 107 So. 360, 363 (1926). Fitzgerald v. State, Fla.App. 1969, 227 So.2d 45.
The record in the instant case shows that the correct address and the name of the establishment involved were shown in the information. The trial judge also noted that a letter was sent to the defense giving the correct address. This letter was sent several days after the bill of particulars was furnished. We find nothing in the record to indicate the defense was misled or embarrassed in the preparation or presentation of its case.
For these reasons the judgment of the trial court is affirmed.
PIERCE, C. J., and MANN, J., concur.