662 So.2d 382 (1995)
Robert Lee DOZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2178.
District Court of Appeal of Florida, Fourth District.
November 1, 1995.
Rehearing Denied November 22, 1995.
Richard L. Jorandby, Public Defender, and Ellen Morris, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
In another appeal involving a different conviction of this very same defendant, we reversed his conviction on the ground that it was unconstitutional for a county judge to be repeatedly assigned to hear criminal cases over which only a circuit judge has jurisdiction, and we certified the issue as one of great public importance. Dozier v. Wild, 659 So.2d 1103 (Fla. 4th DCA 1995). Because Dozier's conviction in this case is indistinguishable on the constitutional issue, his motion to disqualify Judge Wild should have been granted. We therefore reverse his conviction, but since we are mindful that our supreme court may disagree, we address Dozier's other arguments.
Dozier was convicted of burglary of a structure and petit theft for stealing a weedeater from a trailer. He argues that his conviction for burglary of a structure should be reversed because the trailer from which he took the weedeater was not a "structure" within the meaning of the burglary statute, but rather a trailer. He thus argues that since the information charged him with burglary of a structure, and the proof was for a different offense, burglary of a trailer, the conviction cannot stand.
Chapter 810, involving burglary, provides in 810.011, Florida Statutes (1993):
(1) "Structure" means a building of any kind, either temporary or permanent, *383 which has a roof over it, together with the curtilage thereof... .
* * * * * *
(3) "Conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car. (Emphasis added.)
The victim in this case was the owner of a landscaping business who kept his equipment in a large, fully-enclosed trailer with swinging doors on the back, which was attached to a truck. The burglary occurred when the truck and trailer were parked in front of a residence where the victim's employee was doing yard maintenance.
During deliberations the jury sent out the question, "Is a mobile shed a structure?" The trial judge indicated he would give the standard instruction again and add that the jurors should apply the common every day definition of a building. The defense then objected. The state then asked the court to re-read the standard instruction defining burglary of a structure. Thereafter the foreperson asked, "Is there a definition that is more encompassing than what Your Honor gave?" The court then gave the following instruction:
Structure means any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure. The other words in that definition, such as building which it says, structure means any building, should be taken in the normal every day common sense meaning of that term. In other words, there's no special legal definition for building, so you should take building to mean what is normally associated with the term in your every day life.
In regard to a variance between the charge and the proof, the court stated in Grissom v. State, 405 So.2d 291, 292 (Fla. 1st DCA 1981):
Of course, the proof at trial must substantially conform to the allegations of the charging document, in order that the defendant not be misled and thereby prejudiced, and to insure against reprosecution for the same offense... . However, where a variance between the allegations and proof is not such as to have misled the defendant or subject him to a substantial possibility of reprosecution for the same offense, the variance is immaterial and does not preclude conviction. (Citations omitted.)
We conclude that there was not such a variance here as could have misled defendant or subjected him to reprosecution. See also Barber v. State, 243 So.2d 2 (Fla. 2d DCA 1971) (Information charged breaking and entering a building in the 600 block of 10th Street when the building was actually in the 700 block.)
As to the additional instruction which the court gave about the structure, we are unpersuaded by defendant that it is reversible error. While it may have been better for the trial court to have adhered to the standard instructions under these circumstances, it was no more prejudicial to defendant than the discrepancy between the information and the proof.
Reversed.
STONE, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.