WHATLEY, Judge.
Willie Kinsey appeals his judgments and sentences of two counts of armed robbery, two counts of armed kidnapping, and one count of armed burglary. He raises several issues in this appeal, but we find merit only in his contention that the trial court erred in imposing consecutive habitual offender sentences.[1] We remand for correction of Kinsey’s sentences.
The State filed an information charging Kinsey as follows:
Count I: armed robbery of Jerry Sweat’s vehicle and other personal property.
Count II: armed robbery of James Steed-ley’s shoes.
Count III: armed burglary of Sweat’s vehicle.
Count IV: armed kidnapping of Steedley.
Count V: armed kidnapping of Sweat.
The facts adduced at trial revealed that Kinsey and a eodefendant kidnapped James Steedley and Jerry Sweat at gunpoint by driving them in Sweat’s vehicle to an orange grove. Upon arrival at the grove, the victims were removed from the car and told to lie face down on the ground. The defendants *1200 demanded that the victims give them money. Apparently, neither victim had money with him. However, Steedley offered his new shoes which, along with several other items belonging to Sweat, were taken by the defendants.
These facts reveal that all of the offenses of which Kinsey was convicted were part of a single criminal episode as there was no temporal break between the offenses and the victims were not separate. A trial court may not order habitual offender sentences for multiple crimes committed during a single criminal episode to run consecutively. See Hale v. State, 630 So.2d 521 (Fla.1993).
Accordingly, we remand this case with directions that Kinsey’s sentences be amended to reflect that all terms of imprisonment be served concurrently. Kinsey need not be present. See Sinks v. State, 661 So.2d 303 (Fla.1995).
Remanded for correction of sentences.
PATTERSON, A.C.J., and BLUE, J., Concur.

. Although Kinsey did not raise this sentencing issue by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b) in the trial court, this court will address serious, patent sentencing errors when it has acquired jurisdiction based on preserved error. See Denson v. State, 711 So.2d 1225 (Fla. 2d DCA 1998).