PER CURIAM.
On June 21, 1996, the defendant, after having pled guilty to two counts of cocaine sale, was found to be a habitual felony offender. However, rather than being sentenced as a habitual offender, defendant was sentenced to community control, to commence after completing a prison term imposed in other cases. When an affidavit of probation violation was filed on May 14, 1999, the court decided that the defendant should be sentenced as a habitual felony offender, but in fact only sentenced him to the guidelines sentence that he was originally susceptible to. Thus, although the court may have considered the defendant a habitual felony offender, it did not impose either a sentence as a habitual felony offender or a guidelines sentence that was any longer than could have originally been pronounced. Therefore, as defendant concedes, the length of the sentence was not in violation of King v. State, 681 So.2d 1136 (Fla.1996). However, as defendant argues, it was improper when imposing this sentence to designate him as a habitual felony offender.
Accordingly, the guidelines sentence is affirmed, but the designation of the defendant as a habitual felony offender is hereby vacated.