766 So.2d 1147 (2000)
Alvarez Alberto RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1006.
District Court of Appeal of Florida, Third District.
August 30, 2000.
Alvarez Alberto Rodriguez, in proper person.
Robert A. Butterworth, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before COPE, SHEVIN and RAMIREZ, JJ.
COPE, J.
Alvarez Alberto Rodriguez appeals an order denying postconviction relief. He contends first, that he is entitled to have his habitual offender designation stricken, and his sentence treated as a guidelines sentence. Second, he contends that because the 1995 sentencing guidelines were held unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000), he is entitled to resentencing under the pre-1995 guidelines. *1148 We conclude that defendant-appellant Rodriguez is not entitled to this relief, although we must remand for technical correction of his sentences on two counts.

I.
In April, 1999 defendant entered into a plea bargain in two circuit court cases.[1] He agreed to be sentenced as a habitual offender to six years incarceration, followed by five years probation. The plea bargain covered two second-degree felonies and two third-degree felonies.
In March, 2000 defendant filed a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. He argued that because the 1995 sentencing guidelines had been held unconstitutional in Heggs, he is entitled to be resentenced. He points out that the incarceration portion of his sentence fell within the guidelines, and contends that his score would have been lower if calculated under the pre-1995 guidelines. Based on his offense date, defendant is within the window period for Heggs.[2]
The trial court summarily denied relief, undoubtedly because this was a habitual offender sentence, not a guidelines sentence. Defendant has appealed.

II.
On this appeal, defendant relies on a recent decision of this court, Louis v. State, 758 So.2d 744 (Fla. 3d DCA 2000), to argue that his sentence must be treated, as a matter of law, as a guidelines sentence, not a habitual offender sentence. In Louis, the defendant had been sentenced as a habitual offender to community control, which he violated. Upon revocation, he was sentenced as a habitual offender but the term of incarceration fell within the sentencing guidelines. See id. at 745.
On direct appeal from the revocation proceeding, this court held that the habitual offender designation had to be eliminated and the sentence would be treated as one within the guidelines. See id. The court interpreted King v. State, 681 So.2d 1136 (Fla.1996), to require this result. The Second District has followed a similar analysis in Yashus v. State, 745 So.2d 504 (Fla. 2d DCA 1999).[3]
In the present case defendant is not entitled to have his habitual offender designation stricken. The Louis and Yashus decisions are both interpretations of the Florida Supreme Court's decision in King. The King decision is very clear that a habitual offender disposition will be upheld "where a defendant agrees to such a sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum for the particular offense involved." King, 681 So.2d at 1140.
Although the defendant has not raised the issue, we notice that defendant's sentences exceed the legal maximum on two counts, the third-degree felony counts. The plea bargain in this case was for six years of incarceration, to be followed by five years probation. The legal maximum for the habitualized third-degree felonies is ten years. See § 775.087(4)(a)3, Fla. Stat. (Supp.1996). Thus defendant is entitled to have his sentences on the third-degree felonies shortened so that the combination of incarceration plus probation does not exceed ten years.[4] Upon shortening the sentences *1149 on the third-degree felonies to ten years, the negotiated sentence will not exceed the statutory maximum on any count. Thus the habitual offender disposition is entirely permissible under King. Since defendant's sentences are not guidelines sentences, he is entitled to no relief under Heggs.

III.
We also note that the defendant is operating on an incorrect factual premise in his argument. The defendant contends that the sentence imposed on him is entirely a guidelines matter, that is, a sentence which could be imposed under the authority of the sentencing guidelines without making use of any of the extended legal maximum sentences authorized by the habitual offender statute. Defendant's sentences do not fit that description.
Defendant entered into a plea bargain for a sentence of six years incarceration (which was within the guidelines), followed by five years probation. These sentences were entirely within the guidelines for the two second-degree felonies, but they exceed the guidelines and five-year legal maximum for a third-degree felony. See § 775.0821(3)(d), Fla. Stat. (1995), and footnote 4 supra. Thus, unlike the situations in Louis and Yashus, the trial judge did make use of the extended legal maximums in imposing sentence on two of the four counts.
Although it is not necessary to decide the point in this case, we are inclined to think that where multiple cases and/or multiple counts are before the court for simultaneous sentencing, a habitual offender disposition can be imposed on all counts if habitual offender authority is used on any count. To hold otherwise would require count-by-count habitualization, and would make sentencing even more complicated than it already is. But we need not decide that point now.
The habitual offender adjudication in this case was the result of a plea bargain, and will not be disturbed.

IV.
The question of what latitude a sentencing court has with respect to the habitual offender statute should be authoritatively resolved by the Florida Supreme Court. The King decision is open to more than one interpretation regarding the ability of the trial court to impose sentence as a habitual offender, without using the extended legal maximum available under the habitual offender statute.
This is not the case in which to seek such clarification, however. Under the authority of King, the habitual offender disposition in this case was the subject of a plea bargain and will be sustained.
We do, however, reverse the order now under review in part, and remand for reduction of the sentences on the third-degree felonies to the ten-year legal maximum. Defendant need not be present.
Affirmed in part, reversed in part, and remanded for correction of sentences.
NOTES
[1] Circuit court case numbers 97-13794 and 97-13796.
[2] The offenses were committed on April 28, 1997.
[3] While the King decision is open to interpretation, the writer of this opinion is not convinced that the intent of the King decision was to restrict the sentencing judge's authority in this fashion. In footnote eight, the King decision allows the trial judge the discretion to place a habitual offender on probation. See 681 So.2d at 1139 n. 8. If a habitual offender sentence is permissible in the case of a probation disposition, then logically it would be permissible in the case of a guidelines disposition as well. The advantage of the habitual offender sentence in the context of probation or a split sentence is that in the event of violation, the trial court has greater sentencing authority.
[4] Under the applicable version of the sentencing guidelines, it is permissible for a guidelines sentence to exceed the legal maximum. See id. § 921.0014(2). However, the defendant tells us that the guidelines maximum in this case was 100.6 months or 8.4 years. The total sanction imposed in this case exceeds 8.4 years, and thus exceeds the sentence length allowed by the guidelines.