766 So.2d 1258 (2000)
Dallis YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1946.
District Court of Appeal of Florida, Fifth District.
September 29, 2000.
Dallas Young, Wewahitchka, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Young appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleges he was sentenced under the unconstitutional 1995 sentencing guidelines, and he is entitled to resentencing pursuant to Heggs.[1] Young alleges his offenses were committed during the window period of unconstitutionality,[2] and that the length of the sentence he received was in excess of the 1994 guidelines. We agree Young is entitled to further consideration.
The state argues that Young is not entitled to be resentenced because his conviction and sentence were the product of a negotiated guilty plea. The documents attached, specifically the scoresheet, indicates there was a trial and Young merely alleges he was sentenced pursuant to a plea. Thus at this posture, the court records attached to the summary denial do not on their face show Young is entitled to no relief. See, e.g., Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999) (burden is on trial court summarily denying facially sufficient Rule 3.800(a) motion to attach portions of record establishing why defendant is not entitled to relief sought).
On remand, the court may again deny the motion after attaching sufficient court records to show Young is not entitled to any relief, for example, if his sentence was the result of a plea to a specific sentence. See, e.g., Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000); Plute v. State, 765 So.2d 238 (Fla. 2d DCA 2000). If the court determines Young is entitled to be resentenced pursuant to Heggs, it may grant that relief.
REVERSED and REMANDED for further proceedings.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Heggs v. State, 759 So.2d 620 (Fla.2000).
[2] Trapp v. State, 760 So.2d 924 (Fla.2000).