785 So.2d 638 (2001)
Daniel GOVEA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2261.
District Court of Appeal of Florida, Fifth District.
May 4, 2001.
*639 James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Govea appeals from the trial court's denial of his motion filed in March of 2000, pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he alleged that he had been sentenced in 1997, under the unconstitutional 1995 guidelines, and was entitled to be resentenced. See Heggs v. State, 759 So.2d 620 (Fla.2000). We quash his sentence on Count I and remand for further proceedings.
This proceeding is unusual. The trial court below denied relief to Govea because it found he had been sentenced pursuant to a plea agreement to a term of 15 years in prison, followed by 20 years on probation. Thus, the unconstitutional guidelines were not implicated in the sentencing. See Young v. State, 766 So.2d 1258 (Fla. 5th DCA 2000); Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000). However in this case, the agreed-to sentence's length (35 years) for Count I exceeds the statutory maximum for the crime of which Govea was convictedattempted capital sexual battery. See §§ 794.011(2); 777.04; 775.082(3)(b), Fla. Stat. A defendant cannot agree to a sentence which exceeds the statutory maximum provided by the legislature for the offense. See Larson v. State, 572 So.2d 1368 (Fla.1991); Gifford v. State, 744 So.2d 1046 (Fla. 4th DCA 1999).
The state argues this issue cannot be raised because of the amendments to Florida Rule of Criminal Procedure 3.800 and Florida Rule of Appellate Procedure 9.140(d), which require that sentencing errors be preserved by objection at sentencing or the filing of a Rule 3.800(b) motion. It cites Maddox v. State, 760 So.2d 89 (Fla.2000). However, Maddox was a direct appeal, and there is no provision for a Rule 3.800(b) motion to be filed pending an appeal of an order denying a Rule 3.800(a) motion.
In this case, the problem is whether this issue can or should be raised in this Anders appeal when it was not addressed in *640 Govea's 3.800(a) motion, or by the trial court. In this case, appellant's Anders counsel first raised the issue in a footnote. Based on that, plus this court's review of the record, we ordered the state to file an answer brief. In Rodriguez v. State, 766 So.2d 1147 (Fla. 3d DCA 2000), the court reversed an order denying a Rule 3.800(a) motion, which raised a Heggs issue. The court determined that the Heggs issue was meritless, but sua sponte noted that the sentences for two of the four counts exceeded the statutory maximum, and accordingly, it remanded to correct those sentences. Cf. Kinsey v. State, 728 So.2d 1199 (Fla. 2d DCA 1999) (although sentencing error was not preserved, court has jurisdiction based on preserved error and will also address serious, patent sentencing errors).
The Florida Supreme Court explained in In re Anders Briefs, 581 So.2d 149 (Fla.1991), that minor sentencing errors could be raised in an Anders brief, while still allowing defendants to file pro se briefs, but that other substantial sentencing errors which warrant adversarial presentation to the court with assistance of counsel, should not be raised in an Anders brief. But ethically it seems appellate counsel filing Anders briefs are obligated to point out patent sentencing errors, or other fundamental errors not previously addressed in the case. And, by ordering the state to file an answer brief on the legality of the sentence, in essence we transformed this proceeding to one in which the issue of the legality of the sentence was raised and addressed in an adversarial manner.
The alternative would be to affirm the trial court below, but without prejudice to Govea to raise this same issue in a second motion filed pursuant to Rule 3.800(a). That would be a round-about way of achieving the same thing, but duplicitous of court time and effort. Accordingly, we elect to follow Rodriguez and remand this cause for further proceedings. However, should Govea elect to pursue his resentencing below, the state should also be accorded an opportunity to withdraw from the plea agreement. See Gibson v. State, 772 So.2d 35 (Fla. 2d DCA 2000); Howell v. State, 764 So.2d 780 (Fla. 2d DCA 2000); Gault v. State, 762 So.2d 578 (Fla. 5th DCA 2000). If the state is willing to adhere to the plea agreement, the court must impose a sentence which does not exceed the statutory maximum term for the crime.
Sentence VACATED on Count 1; REMANDED for further proceedings consistent with this opinion.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.