941 So.2d 565 (2006)
Kevin Charles SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-3848.
District Court of Appeal of Florida, First District.
November 15, 2006.
Kevin Charles Smith, pro se, Appellant.
Charlie Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion to correct his illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he alleged that the April 2005 extension of his original probation illegally imposed a sanction outside of the Youthful Offender Act and thus the trial court did not have jurisdiction to impose the October 2005 sentence upon his subsequent violation of probation. Because the appellant has stated a facially sufficient claim for relief and the trial court's order denying the appellant's motion does not include record attachments refuting his claim, we reverse and remand.
On July 30, 1999, the appellant was sentenced as a youthful offender to four years' incarceration followed by two years' probation. On April 29, 2005, the appellant' s probation was extended by six months due to a technical violation. On September 22, 2005, an affidavit of violation of probation was filed and the appellant's probation was revoked on October *566 24, 2005, resulting in a prison sentence. When imposing a sentence for a violation of probation, a court must provide credit for time previously served on probation when necessary to ensure that the total time served does not exceed the statutory maximum for the offense at issue. See State v. Summers, 642 So.2d 742 (Fla. 1994); Waters v. State, 662 So.2d 332 (Fla. 1995) (holding that upon revocation of probation, a court must grant credit for time served on probation and community control towards any newly imposed term of imprisonment and probation so that the total period of control, probation, and imprisonment does not exceed the statutory maximum); Bragg v. State, 644 So.2d 586 (Fla. 1st DCA 1994) ("[i]f the trial court includes probation as part of a sentence upon revocation of probation, the trial court must give credit for any time previously served on probation if the new period of probation together with other sanctions . . . and the time previously served on probation total more than the statutory maximum"). Furthermore, when sentencing an accused as a youthful offender, a court may not impose a split sentence that exceeds six years in length. See § 958.04(2)(c), Fla. Stat. (1999). The appellant was originally sentenced to a total of six years' incarceration and probation combined in July of 1999. As such, his six years were completed in July of 2005. Accordingly, the April 2005 extension of his probation by six months may have been illegal as it lengthened his sentence beyond the six-year limitation imposed by the Youthful Offender Act. Thus, when the affidavit of violation was filed on September 22, 2005, it would appear that the trial court lacked subject matter jurisdiction to revoke the appellant's probation. See Wilson v. State, 698 So.2d 1380 (Fla. 4th DCA 1997).
We accordingly reverse the trial court's summary denial of the appellant's motion and remand for the trial court to either vacate the appellant's sentence imposed on October 24, 2005, as a result of his violation of probation or attach record portions that conclusively refute his claim.
REVERSED.
WEBSTER, POLSTON, and HAWKES, JJ., concur.