PER CURIAM.
 

 Christopher Edwards appeals from the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which raised two claims. We affirm, without discussion, as to both claims, but remand with directions that the trial court address a sentencing illegality apparent in the record.
 
 See Govea v. State,
 
 785 So.2d 638 (Fla. 5th DCA 2001) (on postconviction appeal, appellate court may order correction of patent sentencing errors not raised in postconviction motion or in order on appeal) (citing
 
 Rodriguez v. State,
 
 766 So.2d 1147 (Fla. 3d DCA 2000) and
 
 Kinsey v. State,
 
 728 So.2d 1199 (Fla. 2d DCA 1999)).
 

 In the proceedings below, the trial court initially sentenced Edwards to eight years in prison followed by five years of probation on a charge of robbery, a second degree felony with a fifteen-year maximum penalty. Edwards has not performed well on probation, and has violated his probation several times. For Edwards’ most recent violation of probation, the trial court imposed a new split sentence of fourteen years in prison (with appropriate credit for prior jail and prison time), to be followed by a new one-year probationary term. When a trial court imposes a new split sentence following a violation of probation, the law requires that the court “‘give credit for any time previously served on probation if the new period of probation together with other sanctions (including jail and prison credit) and the time previously served on probation total more than the statutory maximum for the underlying offense.’”
 
 Waters v. State,
 
 662 So.2d 332, 333 (Fla.1995) (quoting
 
 Bragg v. State,
 
 644 So.2d 586, 587 (Fla. 1st DCA 1994));
 
 see also, Smith v. State,
 
 941 So.2d 565, 566 (Fla. 1st DCA 2006) (“When imposing a sentence for a violation of probation, a court must provide credit for time previously served on probation when necessary to ensure that the total time served does not exceed the statutory maximum for the offense at issue.”) (citations omitted).
 

 
 *1178
 
 In this case, the new split sentence reaches the statutory maximum penalty with no credit for the time that Edwards previously served on probation. It appears from the record before us that Edwards has already served approximately seven months on probation and community control for this offense. If Edwards is not given credit for the time he has already served on probation and community control against the new one-year probationary term, then Edwards will be forced to serve approximately fifteen years and seven months on the charge, as a result of the new split sentence, in violation of
 
 Waters.
 

 Accordingly, we affirm as to the issues raised in Edwards’ postconviction motion, but remand with directions that Edwards be given the credit necessary for his new split sentence to comply with
 
 Waters.
 

 AFFIRMED; REMANDED WITH DIRECTIONS.
 

 PALMER, ORFINGER, and LAWSON, JJ., concur.