PER CURIAM.
 

 Robert Graham Bishop appeals an order revoking his probation and sentencing him to three years in prison followed by a new two-year probationary term on an underlying charge of attempted lewd or lascivious exhibition. The State alleged and the trial court found that Bishop violated the probationary condition requiring that he “actively participate in and successfully complete a sex offender treatment program.” We affirm as to this issue.
 
 See, e.g., Adams v. State,
 
 979 So.2d 921, 925 (Fla.2008) (holding “that the failure of a probation order to include specific deadlines or the number of attempts the defendant will be given to complete sex offender treatment does not eliminate the trial court’s discretion to revoke sex offender probation for failure to complete the program on the first try.”);
 
 Woodson v. State,
 
 864 So.2d 512, 517 (Fla. 5th DCA 2004) (“If immediate initial attempts [at sex offender treatment] are unsuccessful and the defendant expresses a willingness to try again, other chances at compliance are a matter that should be left to the sound discretion of the trial court.”).
 

 The State presented evidence below that Bishop was discharged from his first treatment program after displaying a “victim attitude” (or, seeing “himself as the one who was hurt”), and continuing to “fantasiz[e] about his past victims.” He was then discharged from his second treatment program after six months. Although the second discharge was based in part on multiple absences, some of which may have been because Bishop could not afford to pay for the therapy, Bishop’s counselor emphatically testified that Bishop could not continue outpatient treatment because he was resistant to therapy to the point of not being “amenable to treatment any longer” and because he continued “acting out at the time when he was last in treatment [and was] still acting out in society....” Given these facts, we find no abuse of discretion in the trial court’s revocation of Bishop’s probation.
 

 However, we do note a potential sentencing illegality in the record on appeal. Bishop’s offense is a third-degree felony, which carries a five-year maximum penalty. Given that the trial court imposed a new split sentence totaling five years of confinement and supervision, Bishop must be given credit for the time he previously served on probation against the new probationary period imposed to comply with
 
 Waters v. State,
 
 662 So.2d 332, 333 (Fla.1995).
 
 See Edwards v. State,
 
 59 So.3d 1177 (Fla. 5th DCA 2011). It does not appear from Bishop’s sentencing documents, in the record on appeal, that this credit was awarded. Accordingly, we remand with directions that Bishop be given any probationary credit necessary for his new split sentence to comply with
 
 Waters.
 

 AFFIRMED; REMANDED WITH DIRECTIONS.
 

 PALMER, LAWSON, and EVANDER, JJ., concur.