STEVENSON, J.
In 2002, Paul Knite entered a no contest plea to May 2001 charges of robbery with a firearm (count I), aggravated assault with a firearm (count II), and aggravated fleeing (count IV).[1] The defendant was sentenced, as a youthful offender, to three years in prison to be followed by three years probation. In the years that followed, the defendant violated his probation on a number of occasions and his probation was converted to a sentence of two years community control followed by two years probation. In this appeal, the defendant challenges the revocation of that community control and the resulting fourteen-year prison sentence for each of the three underlying convictions. We reverse and remand for further proceedings.
In January of 2010, the State filed an affidavit charging the defendant with seven violations of his community control: *693 failing to remain confined to his approved residence; commission of the crimes of battery on a law enforcement officer, resisting with violence, resisting without violence, and corruption by threat of a public servant; associating with persons engaged in criminal activity; and visiting places where illegal drugs, i.e., marijuana, are unlawfully sold, dispensed or used. Evidence at the hearing established that, on the evening of January 22, 2010, police responded to the defendant’s neighborhood regarding a shots-fired call. Police found the defendant in front of his residence, speaking to someone in a truck. According to police, the defendant insisted he had not seen anyone matching the description of their suspect, but gave police permission to search his home for the suspect. The defendant’s community control officer was contacted and the residence was searched. Numerous individuals were in the home. Police found a Publix-type bag in a basket that was next to the refrigerator. Inside that bag, police found six individual baggies of marijuana. The defendant denied the marijuana belonged to him.
The individuals in the residence were brought outside and patted-down. Three were arrested — William West for an outstanding warrant, Eric Petty for possession of marijuana, and Lazaro Melendez for possession of paraphernalia. The defendant testified that West had been staying with him for a couple of weeks and denied any knowledge of West’s outstanding warrant. The defendant also insisted he had no knowledge that Petty and Melendez were in possession of marijuana and paraphernalia, respectively.
According to police, during their attempt to escort the defendant to the patrol car, the defendant refused to continue walking, pulled away, and began flailing his arms and kicking. There was testimony that, once in the patrol car, the defendant kicked a detective. And, according to police, at the police station, the defendant threatened to come after the officers upon his release and to kill them and their families.
The trial court found the defendant guilty of each of the charged violations, revoked community control, and sentenced him to fourteen years in prison to be followed by three years probation for each of counts I, II and IV. The defendant argues that the evidence was insufficient to establish violations based upon his associating with persons engaged in criminal activity and upon his visiting places where illegal drugs are sold, dispensed or used and that the trial court erred in finding a violation based upon his commission of the crimes of both resisting with violence and resisting without violence. The defendant also contends that, with respect to counts II and IV of the underlying information, his community control could not be revoked and no further sentence could be imposed as he had already served the statutory maximum penalty. Finally, the defendant insists that, in imposing sentence on the remaining count, the trial court erred in failing to continue his Youthful Offender status. We find that the arguments raised have merit.

Violations for “Associating] with any Person Engaged in Criminal Activity” and “Visiting] Places where Intoxicants, Drugs, or Other Dangerous Substances are Unlawfully Sold, Dispensed or Used”

“ ‘To establish a violation of probation, the prosecution must prove by a preponderance of the evidence that a probationer willfully violated a substantial condition of probation.’ ” Lindsay v. State, 54 So.3d 638, 639 (Fla. 1st DCA 2011) (quoting Van Wagner v. State, 677 So.2d 314, 316 (Fla. 1st DCA 1996)). This means that where the State seeks to establish a violation based upon a defendant’s *694 associating with persons engaged in criminal activity, there must be evidence that the defendant was aware those he was associating with were engaged in criminal activity. See Casas v. State, 27 So.3d 203, 206 (Fla. 2d DCA 2010) (holding defendant could not be guilty of associating with persons engaged in criminal activity based upon fiancée’s alleged use of marijuana “without an evidentiary link between ... [the defendant] and his fiancée’s independent conduct — outside of their home and outside of his presence”). Here, there was no evidence the defendant was aware of West’s outstanding warrant and no evidence the defendant was aware that Petty and Melendez were in possession of marijuana and paraphernalia or otherwise involved in any criminal activity.
Similarly, to be guilty of violating probation by visiting places where drugs are unlawfully sold, dispensed or used, the defendant must have knowledge of the sale, dispensing, or use of such drugs. See § 948.03(l)(m), Fla. Stat. (2009) (authorizing trial court to impose condition that “[t]he probationer or community controllee shall not knowingly visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used”) (emphasis added). There was no evidence that the defendant’s residence had been the site of illegal drug activity in the past, no evidence that the defendant was aware that anyone at his residence that evening was using drugs or was in possession of drugs, and no evidence that the defendant had knowledge of the marijuana found in the kitchen or the ability to exercise dominion and control over the same.

Violations for Resisting an Officer With Violence and Resisting an Officer Without Violence

Regardless of the number of officers involved, a defendant cannot be convicted of both resisting an officer with violence and resisting an officer without violence where the acts of resistance take place during a single, continuous act of resistance. See Wallace v. State, 724 So.2d 1176 (Fla.1998); D.A.R. v. State, 22 So.3d 850 (Fla. 4th DCA 2009). The trial court thus erred in revoking the defendant’s community control based upon both the resisting with violence and resisting without violence charges.

Revocation of the Community Control Imposed for Counts II and IV of the Underlying Information

 Count II of the underlying information charged aggravated assault with a firearm, a third degree felony carrying a maximum possible penalty of five years in prison. See §§ 775.082(3)(d), 784.021(l)(a), (2), Fla. Stat. (2001). The defendant was initially sentenced in 2002 and, by the time of the 2010 VOCC proceedings, he had served the initial term of incarceration and had been on some form of probation/community control for count II since April 28, 2004. Once a defendant has served the statutory maximum penalty for a given charge, the trial court lacks jurisdiction to revoke his probation/community control on the charge and to sentence him further. See Young v. State, 697 So.2d 75, 77 (Fla.1997) (holding that when probation being served pursuant to a split sentence is revoked and trial court imposes sentence of probation/community control, the defendant is entitled to credit for time previously served on probation because, if the rule were otherwise, the trial court “could extend probation ad infinitum beyond the statutory maximum each time probation was revoked”); Smith v. State, 941 So.2d 565, 566 (Fla. 1st DCA 2006) (holding trial court lacked jurisdiction to address revocation of probation as defendant had already served in excess of the six years permitted by governing youthful offender statute).
*695 Count IV of the underlying information charged the defendant with aggravated fleeing in violation of section 316.1985(1), (E), Florida Statutes (2001). A violation of subsection (1) of 316.1935 is a misdemean- or; a violation of subsection (2) a third degree felony; and a violation of subsection (3) a second degree felony. Regardless of the variations in the subsection referenced, every judgment of conviction entered following the defendant’s plea has treated the offense pled to as a third degree felony. Thus, as is the case with count II, by the time of the 2010 VOCC proceedings, the trial court lacked jurisdiction to further revoke community control and to further sentence the defendant for count IV.

Failure to Sentence as a Youthful Offender

When initially sentenced on the underlying, substantive criminal charges, the court imposed a Youthful Offender sentence. When the trial court revoked the defendant’s community control and sentenced him to fourteen years in prison, the court failed to continue the defendant’s Youthful Offender status. Here, there was no evidence that, subsequent to the initial sentencing on the underlying, substantive crimes, the defendant was convicted of any new, substantive criminal offenses. It was thus error for the trial court to fail to continue the defendant’s Youthful Offender designation upon the revocation of his community control. See, e.g., Yegge v. State, 88 So.3d 1058, 1059-60 (Fla. 2d DCA 2012); Blacker v. State, 49 So.3d 785, 788-89 (Fla. 4th DCA 2010).
In light of the foregoing, we reverse the order revoking the defendant’s community control. As there can be no further revocations based upon counts II and IV of the underlying information, on remand, the only issues before the trial court pertain to count I (robbery with a firearm). On remand, the trial court must determine whether the defendant’s community control for count I is properly revoked based solely upon the remaining violations, i.e., failure to remain confined to approved residence, battery on a law enforcement officer, resisting with violence, and corruption by threat of a public servant. Moreover, any sentence imposed on count I of the underlying information must continue the defendant’s ‘Youthful Offender” designation.

Reversed and Remanded.

MAY, C.J., and LEVINE, J., concur.

. Count III pertained to another defendant.