BLACK, Judge.
On August 13, 2008, Joshua Jeffers pleaded guilty to one count of lewd and lascivious battery in violation of section 800.04, Florida Statutes (2007). The court sentenced Jeffers to two years in prison followed by ten years of sex offender probation. On March 17, 2011, Jeffers admitted to violating the terms of his probation. After a hearing pursuant to section 948.06(8)(d), Florida Statutes (2010), the court designated Jeffers as a violent offender of special concern and sentenced him to 115.5 months’ incarceration followed by 64.5 months’ probation. Jeffers raises two issues on appeal. First, he contends that the trial court erred in designating him as a violent offender of special concern because he committed the qualifying offense before section 948.06(8) became effective. Second, he argues that the trial court failed to award him proper credit for time previously served on probation. We review both issues de novo. See Moore v. State, 882 So.2d 977, 980 (Fla.2004); Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005).
Jeffers relies on this court’s opinion in Cherington v. State, 24 So.3d 658 (Fla. 2d DCA 2009), to argue that he does not qualify as a violent offender of special concern. In Cherington, this court stated in dicta that section 948.06(8) became effective on October 1, 2007. Id. at 663. Jef-fers argues that he committed a qualifying offense on September 22, 2007, a week prior to the effective date of the statute. However, as the State correctly argues in its brief, it is clear that section 948.06(8) became effective on March 12, 2007, and that this court misstated the effective date of the statute in its previous opinion. See ch.2007-2, § 13, at 105, Laws of Fla. Here, Jeffers committed a qualifying of *39 fense[1] on September 22, 2007, six months after the effective date of section 948.06(8), and was on probation related to this offense at the time of the revocation proceeding. Pursuant to the statute, a violent offender of special concern is “a person who is on felony probation or community control related to the commission of a qualifying offense committed on or after the effective date of this act.” § 948.06(8)(b)(l). Accordingly, the trial court did not err in finding that Jeffers was subject to the statutory provision and we affirm Jeffers’ designation as a violent offender of special concern.
Jeffers also argues that the trial court erred in failing to award jail time credit for time previously served on probation.[2] The State concedes that Jeffers’ current sentence without the correct application of jail time credit will result in Jeffers serving a sentence above the statutory maximum. When the court imposes a new split sentence after a revocation of probation, the law requires that the court give credit for any time previously served on probation if the new sentence of probation and incarceration equals the statutory maximum sentence. See Waters v. State, 662 So.2d 332, 333 (Fla.1995); Storey v. State, 684 So.2d 888, 889 (Fla. 2d DCA 1996); Edwards v. State, 59 So.3d 1177, 1177 (Fla. 5th DCA 2011). After revoking Jeffers’ probation, the trial court sentenced him to a split sentence of 115.5 months’ incarceration followed by 64.5 months’ probation, which totals fifteen years-the maximum sentence permissible for a second-degree felony. See § 775.082(3)(c), Fla. Stat. (2010). Since the failure to afford Jeffers proper credit results in Jeffers serving a sentence above the statutory maximum, we remand for resentencing where the trial court should credit Jeffers’ new probationary sentence with the amount of time he previously served on probation.
Affirmed in part, reversed in part, and remanded.
SILBERMAN, C.J., and CASANUEVA, J., Concur.

. Lewd and lascivious battery in violation of section 800.04 is a qualifying offense under section 948.06(8)(c)(5).

. We note that the trial court entered an order on March 19, 2012, granting Jeffers proper credit for time previously served on probation. However, because Jeffers’ appeal was pending in this court, the trial court lacked jurisdiction to consider Jeffers' motion to correct sentence and the trial court's order is a nullity. See Miran v. State, 46 So.3d 186, 188 (Fla. 2d DCA 2010).