PER CURIAM.
After revoking Appellant’s probation, the trial court sentenced him to sixty months in prison on Count I and a consecutive thirty-six months in prison, followed by two years’ probation on Count II. We reverse and remand this cause with instructions that the lower court reduce the length of probation on Count II so that the *937 aggregate of the prison term, the previously served probation on Count II, and the probation to follow the prison term on Count II, does not exceed the statutory maximum. See Waters v. State, 662 So.2d 382, 333 (Fla.1995) (holding that where, after revoking probation, trial court includes probation as part of new sentence, it must give credit for time previously served on probation if combination of new sanctions and time previously served on probation exceed statutory maximum for underlying offense); Bishop v. State, 62 So.3d 1226, 1227 (Fla. 5th DCA 2011). In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
PALMER, TORPY, and COHEN, JJ„ concur.