IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BRIAN WILLIAMSON,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D15-1158

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed November 9, 2015.

An appeal from the Circuit Court for Suwannee County.
David W. Fina, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jessica DaSilva, Tallahassee, for Appellee.

MARSTILLER, J.

    Appellant Brian Williamson was found in violation of probation, and the trial court, pursuant to section 948.06(8), Florida Statutes, designated him a violent felony offender of special concern who poses a danger to the community. Williamson challenges the designation and resulting sentence, arguing that the court

incorrectly relied on a qualifying offense—aggravated assault—he committed before section 948.06 was enacted in 2007. Because the plain language of the pertinent statutory provision contains no such limitation, we affirm.[1]

Under section 948.06(8)(b), Florida Statutes (2014), a violent felony offender of special concern is someone on:

> 1. Felony probation or community control related to the commission of a qualifying offense committed on or after the effective date of this act;
>
> 2. Felony probation or community control for any offense committed on or after the effective date of this act, *and has previously been convicted of a qualifying offense*;
>
> 3. Felony probation or community control for any offense committed on or after the effective date of this act, and is found to have violated that probation or community control by committing a qualifying offense;
>
> 4. Felony probation or community control and has previously been found by a court to be a habitual violent felony offender as defined in s. 775.084(1)(b) and has committed a qualifying offense on or after the effective date of this act;
>
> 5. Felony probation or community control and has previously been found by a court to be a three-time violent felony offender as defined in s. 775.084(1)(c) and has committed a qualifying offense on or after the effective date of this act; or

---

[1] Whether a trial court erred in designating a defendant as a violent felony offender of special concern is reviewed by an appellate court *de novo*. *See Jeffers v. State*, 106 So. 3d 37, 38 (Fla. 2d DCA 2013).

6. Felony probation or community control and has previously been found by a court to be a sexual predator under s. 775.21 and has committed a qualifying offense on or after the effective date of this act.

(Emphasis added.)[2]

Williamson's designation falls under paragraph (8)(b)2., above, and the qualifying offense he was convicted of in 2004 is aggravated assault. *See* §948.06(8)(c)14., Fla. Stat. (2014). Nothing in the phrase "has previously been convicted of a qualifying offense" limits such convictions to those occurring after the statute became effective on March 12, 2007. *See* ch. 2007-2, § 3, Laws of Fla.

The case Williamson relies on for support, *Cherington v. State*, 24 So. 3d 658 (Fla. 2d DCA 2009), does not, in fact, support his argument. The offender in *Cherington* was on probation for aggravated assault which he had committed in 2005, and did not have a new felony conviction at the time he was being sentenced for violating probation. 24 So. 3d at 659, 663. Thus, he was not on felony probation for any offense committed on or after the 2007 effective date of section 948.06(8), and he had not committed a qualifying offense on or after that date. Consequently, the Second District held that "under the plain language of the statute, [the 2005

---

[2] Once it is determined the offender qualifies for the designation, the court then must determine if the offender poses a danger to the community. § 948.06(8)(e), Fla. Stat. If the court concludes the offender does pose a danger, the court is required to revoke probation and sentence the offender to the statutory maximum. *Id*.

aggravated assault] could not be used to qualify Cherington as a 'violent felony offender of special concern' for purposes of the sentencing scoresheet." *Id*. at 663. The district court decidedly did not hold that a pre-2007 conviction for a qualifying offense could not be used to designate a probation violator as a violent felony offender of special concern.

Asserting that the statute is ambiguous, Williamson urges us to employ the Rule of Lenity. *See* § 775.021(1), Fla. Stat. We see no ambiguity in the statutory language, however, and thus, no need to resort to rules of statutory construction. *See Marrero v. State*, 71 So. 3d 881, 886 (Fla. 2011) ("When a statute is clear, we do not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent."). The trial court correctly designated Williamson a violent felony offender of special concern under section 948.06(8) based on his prior conviction for aggravated assault.

AFFIRMED.


BENTON and ROWE, JJ., CONCUR.