DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TEIAS PEATENLANE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3032

[March 14, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 12-10182CF10A.

Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from his statutory maximum fifteen-year sentence for burglary of a dwelling following his repeated violations of community control and probation. The defendant argues that the circuit court erred in two respects: (1) in not sentencing him as a youthful offender after the violations when he was originally placed on community control and probation as a youthful offender; and (2) in sentencing him as a violent felony offender of special concern posing a danger to the community, because no competent substantial evidence existed to support the court's finding that he poses a danger to the community under the factors listed in section 948.06(8)(e)1., Florida Statutes (2012).

On the defendant's first argument, the state properly concedes error. *See, e.g., Smith v. State*, 143 So. 3d 1023, 1024-25 (Fla. 4th DCA 2014) ("When a defendant violates his youthful offender probation by committing a substantive violation, the court is not bound to the usual youthful offender sentence of six years or less and can impose up to the statutory maximum for the underlying offenses. *However, once a trial court imposes a youthful offender sentence, it must continue that status upon resentencing*

*after a violation of probation or community control.*") (emphasis added; internal citations, footnote, and quotation marks omitted).

On the defendant's second argument, we review to determine whether competent substantial evidence existed to support the circuit court's danger finding, and whether the circuit court abused its discretion in making the danger finding. *Cf. Riggins v. State*, 830 So. 2d 920, 921 (Fla. 4th DCA 2002) ("The determination of whether a violation of probation is willful and substantial is a question of fact and will not be overturned on appeal unless the record shows that there is no evidence to support it. . . . [W]e once again recognize that the trial court is in the best position to evaluate the credibility of witnesses and on appeal we are obligated to give great deference to the findings of the trial court."); *Miller v. State*, 661 So. 2d 353, 355 (Fla. 4th DCA 1995) ("On appeal our review is limited to whether the trial court abused its discretion in revoking defendant's probation.").

The defendant contends that the standard of review on his second argument is *de novo*, relying upon our sister court's holding in *Williamson v. State*, 180 So. 3d 1224, 1224 n.1 (Fla. 1st DCA 2015): "Whether a trial court erred in designating a defendant as a violent felony offender of special concern is reviewed by an appellate court *de novo*."

Respectfully, our sister court's application of the *de novo* standard of review in *Williamson* may have been stated too broadly as quoted above. The issue upon which our sister court applied the *de novo* standard of review, as well the issue in the case upon which our sister court relied, *Jeffers v. State*, 106 So. 3d 37 (Fla. 2d DCA 2013), was whether the court incorrectly relied on a qualifying offense which the defendant committed before section 948.06 was enacted. That being an issue of law, we would agree the *de novo* standard of review applied in those cases.

Here, however, the defendant argues no competent substantial evidence existed to support the court's finding that he poses a danger to the community under the factors listed in section 948.06(8)(e), Florida Statutes (2012). That being an issue of fact and an issue of discretion, we conclude that the competent substantial evidence and abuse of discretion standards of review apply here.

Applying those standards of review, we affirm. The circuit court orally recited the evidence and pronounced its findings as follows:

> I am making a determination that the Defendant does pose
> a danger to the community. And I base that finding on the

2

nature and the circumstances of the violation to include the fact that he originally caught a break in his case and I departed from the guidelines. He was supposed to go to prison initially, that's what the Legislature said was an appropriate sentence.

But I gave him a break by sentencing him as a Youthful Offender and keeping him out. He violated that trust and that break by abusing illegal narcotics.

. . .

And among the things he was told to do was not consume alcohol or intoxicants and to do his logs and do those other things. And he turned around and violated the Court's trust, again, by just committing the exact same thing indicating to this Court an unwillingness to follow simple instructions like not abusing drugs.

Additionally, the Court is allowed to look at the offender's present conduct. And it says, including criminal convictions. So it's not limited to criminal convictions, it includes . . . his behavior while on probation.

The Court witnessed him testify under oath in a proffer implicating another individual in a burglary. If that was a lie in order to secure a more favorable sentence to himself then it is surely a despicable act to try and implicate someone else in a second degree felony in order to lower your own sentence, if that's not true.

On the other hand, if that was true and then come in during a trial and perjure oneself under oath before the Court in an attempt to twist justice and to affect the outcome of the case is equally despicable.

. . .

And he testified that he had committed perjury before. Now, whether he perjured himself at his proffer or whether he perjured himself in the trial, he admitted to committing perjury. And in trying to, again, deflect blame from himself, he testified that a member of the Florida Bar advised him to perjure himself in order to get a better sentence.

And on more than one occasion he testified under oath that his Counsel told him to perjure himself under oath. I find that testimony to be incredible. So whether he's willing to turn in a friend and falsely implicate him to get a better sentence or he's willing to attack and potentially put the license of a professional in danger in order to save himself, all I see is an individual who is willing to say and do and manipulate anything in order to get his own way. And that once he does get his own way, he doesn't follow through on his commitments. He continues to violate and show a flagrant disregard for the law.

So I do find him to be a danger to the community. I'm going to revoke his Community Control, adjudicate him to be guilty, sentence him to 15 years in [a] Florida State Prison with credit for 353 days already served.

The court later entered a short written order summarizing its ultimate finding as stated above.

Based on the circuit court's oral recitation of the evidence, competent substantial evidence existed to support the court's ultimate finding that the defendant poses a danger to the community, and that the circuit court did not abuse its discretion under the very broad factors listed in section 948.06(8)(e)1., Florida Statutes (2012):

a. The nature and circumstances of the violation and any new offenses charged.
b. The offender's present conduct, including criminal convictions.
c. The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.
d. The weight of the evidence against the offender.
e. Any other facts the court considers relevant.

§ 948.06(8)(e)1., Fla. Stat. (2012).

We also note that, irrespective of the circuit court's findings made under section 948.06(8)(e), the defendant's sentence remains legal. *See Whittaker v. State*, 223 So. 3d 270, 275 (Fla. 4th DCA 2017) ("[E]ven when a trial court finds under section 948.06(8)(e) that a defendant designated

4

as a VFOSC poses a danger to the community, this finding has no bearing on the statutory maximum sentence, but rather is relevant to the decision whether to revoke probation. Where a trial court imposes a guidelines sentence on a defendant who has been designated as a VFOSC, the sentence is legal irrespective of the findings made under section 948.06(8)(e).") (internal quotation marks and citation omitted).

Based on the foregoing, we affirm the defendant's statutory maximum fifteen-year sentence, and reverse only to the extent that the circuit court did not sentence him as a youthful offender after the violations. We remand for the circuit court to correct the sentence to include the youthful offender designation. It shall not be necessary for the defendant to be present for this administrative correction to the sentence.

*Affirmed in part, reversed in part, and remanded for YO designation.*

KUNTZ, J., concurs.
GROSS, J., concurs in part and dissents in part with opinion.

GROSS, J., concurring in part, dissenting in part.

I concur in the portion of the majority opinion concerning the youthful offender designation.

I dissent because the record does not support the trial court's designation of appellant as a "danger to the community" within the meaning of section 948.06(8)(e)1., Florida Statutes (2012).

Subsection 948.06(8) creates a special classification of probationer — a "violent felony offender of special concern." ("VFOSC"). § 948.06(8)(a), Fla. Stat. (2012). For offenders on probation, or who are placed on probation, the key to the VFOSC classification is the commission of a "qualifying offense," which is defined as those crimes specified in subsection 948.06(8)(c).

Appellant committed a qualifying offense because he was placed on probation and community control for the qualifying offense of burglary of a dwelling. *See* § 948.06(8)(c)12., Florida Statutes (2012).

If a person qualifies as a VFOSC, after a court finds that the offender has committed a violation of probation other than failure to pay costs, fines, or restitution, the court is required to make written findings as to whether the offender "poses a danger to the community." § 948.06(8)(e)1., Fla. Stat. (2012). If the court finds that the offender poses a danger to the

5

community, the court "shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law." § 948.06(8)(e)2.a., Fla. Stat. (2012). If the court finds no such danger, then the court is free to treat the offender the same as any other probationer who has violated probation.

Appellant violated his probation because he tested positive for marijuana use and failed to submit required job search logs. He admitted these violations.

Three witnesses testified at the "danger" hearing. All of them knew appellant. None of them testified that he was a danger to the community.

Appellant's probation officer said generally positive things about appellant but was not comfortable testifying as to whether or not he posed a community danger.

A sheriff's office employee who had worked with appellant said positive things about her contact with him. Based on her interactions with him, she did not "see him as a danger in the community."

Appellant's substance abuse counselor also said positive things about appellant and said she was not aware of anything suggesting that appellant was a danger to the community.

Appellant testified and apologized for his "immature and stupid" behavior.

Nonetheless, the circuit court ruled that appellant posed a danger to the community, focusing primarily on three factors: (1) appellant had abused illegal drugs while on probation; (2) appellant was placed on probation for burglary, a qualifying offense; (3) at a codefendant's trial, appellant made inconsistent statements concerning the codefendant's involvement in the burglary. The court revoked appellant's probation and sentenced him to 15 years in prison as a VFOSC.

Under section 948.06(8), a "danger to the community" is not a freewheeling concept unhinged from the statute. Rock and roll music was once considered dangerous to the morals of teenagers, but that type of soft danger is outside the purview of the statute.

Reading section 948.06(8) as a whole, the concept of "danger" is obviously linked to the enumerated offenses that generate the VFOSC classification. The intent of the statute is to protect Floridians from the

type of individuals who commit the crimes enumerated in subsection 948.06(8)(c)1-19. All are crimes that directly put a person or body in physical peril. This view of "danger" under the statute is consistent with its common meaning: "exposure to harm or injury; risk; peril." THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 366 (1967). Section 948.06(8)(e)1.a-e sets out factors to guide the trial court in evaluating this risk.

The record at the danger hearing does not support the trial court's finding. Appellant's marijuana usage is not an offense enumerated in subsection 948.06(8)(c)1-19. In fact, no type of drug possession or use, even of the most dangerous drugs, is mentioned in that subsection. It is inconceivable that Floridians can be placed in "danger" by appellant's marijuana consumption, an act legal in La Jolla. Similarly, appellant's dishonesty at the codefendant's trial physically endangered no one. Crimes of pure dishonesty, such as perjury and grand theft, are not qualifying offenses for the VFOSC designation. None of the witnesses who were familiar with appellant outside of the courtroom testified that he was a danger to the community.

The circuit court's finding that appellant was a VFOSC, given the few moments he was in the courtroom, should be reversed, with the case remanded for resentencing.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing***