DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT COPPINGER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-462

[May 2, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case Nos. 09-11214CF10A, 09-20410CF10A and 11-2594CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Robert Coppinger was charged with violating his probation contrary to the terms of a substantial assistance agreement with the State. The trial court adjudicated him guilty of the violation, and sentenced him to concurrent prison terms on the charges in three separate cases that was the basis of his probation. He raises two issues on appeal. First, he claims the trial court lacked jurisdiction to revoke his probation and impose a sentence on the third degree felony charge carrying a maximum penalty of five years in prison. Second, he alleges that the trial court considered impermissible factors during resentencing. We decline to address the second issue, finding it without merit. However, we agree with Coppinger as to the first issue, and reverse his conviction as to the third degree felony.

In April 2010, Coppinger pled no contest in one case to dealing in stolen property, a second degree felony punishable by a term of imprisonment not exceeding fifteen years; and grand theft of over $300, a third degree felony punishable by a term of imprisonment not exceeding five years. He

also pled no contest in a second case to dealing in stolen property. The court withheld adjudication on all charges, and imposed concurrent three-year probationary terms on each count.

In March 2011, Coppinger pled no contest to committing new criminal offenses,[1] and admitted violating his probation on the 2010 cases. At sentencing, the court withheld adjudication, but amended his probation to concurrent four-year probationary terms on the charges stemming from the two cases from 2010 and the charges arising from the new case. However, the trial court did not award Coppinger any credit for his prior probationary service for the 2010 cases.

In July 2011, Coppinger's probation was reinstated after he admitted to violating his probation again by failing to undergo a drug/alcohol evaluation and submit to biweekly urinalysis tests.

Two months later, Coppinger once more pled no contest to committing new criminal offenses,[2] and admitted to violating his probation. This time, the trial court not only reinstated the probation, but also modified it to include an additional six months of community control followed by four years of probation. Again, the trial court did not award Coppinger any credit for his prior probationary service.

In September 2015, after Coppinger committed two technical violations of his probation,[3] he entered into a substantial assistance agreement with the State. The agreement explicitly set out the maximum penalties for each of his probationary charges. Coppinger agreed that the commission of any new criminal offense during the pendency of the agreement, including any traffic criminal offense, would be a violation of the agreement. He also acknowledged that if he violated any of the terms of the agreement, he would subject himself to the maximum penalties described. After entering an open plea to the new VOP charge, the trial court deferred sentencing for thirty days, and released him on his own recognizance so he could render the agreed-upon assistance.

Two weeks later, Coppinger was arrested again, this time following a traffic stop for driving while his license was suspended. Having apparently

---

[1] Coppinger was charged with possession of cocaine, possession of oxycodone, possession of drug without prescription and possession of drug paraphernalia.
[2] This time he was arrested for petit theft and resisting a merchant.
[3] It was alleged that Coppinger failed to check in with his probation officer in May, July, and August of 2015, and changed his residence without notifying his probation officer.

2

exhausted the trial court's patience, the judge revoked Coppinger's release, and ordered him held without bond, thus "tolling" Coppinger's probation until sentencing. Following a hearing on his VOP, Coppinger was adjudicated guilty on the three 2010 charges and sentenced to concurrent maximum sentences of fifteen years for the two second degree felonies, and five years for the third degree felony.

Coppinger argues that if the judge had properly given him credit for the time he had previously served on probation, then the trial court would have lacked jurisdiction to both adjudicate and sentence him on the third degree felony charge from 2010.

"Whether a court has subject matter jurisdiction is a question of law reviewed de novo." *Mobley v. State*, 197 So. 3d 572, 574 (Fla. 4th DCA 2016) (quoting *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005)).

The time a probationer serves on probation is counted as "time served" when calculating how much time remains to be served on a statutory maximum sentence. *See State v. Summers*, 642 So. 2d 742, 744 (Fla. 1994) ("[U]pon revocation probation credit must be given for time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense."). A trial court lacks jurisdiction to revoke probation and resentence a probationer where he has already served the maximum sentence for that crime. *See Knite v. State*, 102 So. 3d 691, 694 (Fla. 4th DCA 2012); *Gonzalez-Ramos v. State*, 46 So. 3d 67, 68 (Fla. 5th DCA 2010) ("[O]nce a term of probation has expired, a trial court lacks jurisdiction to entertain a revocation proceeding based upon a violation that occurred during the term of probation, unless, during the term of probation, appropriate steps were taken to address the alleged violation.").

A review of the record reveals that when he was sentenced on the September 2015 violation, Coppinger was entitled to credit for the time he already served on probation. Based on our calculations, and considering various tolling periods, the additional six months of community control, and the 460 days of probation he had already served; Coppinger had fully completed five years of probation on June 30, 2015. When the amended affidavit and warrant on the technical violations were issued on September 23, 2015, the trial court no longer had subject matter jurisdiction to revoke Coppinger's probation for the third degree felony and could not impose a prison sentence on that charge.

3

Coppinger's concurrent fifteen-year prison sentences on the two second degree felonies are hereby affirmed, but we reverse that part of the trial court's January 22, 2016 order sentencing Coppinger to a concurrent five-year prison sentence for the third degree felony for lack of jurisdiction. We also remand this case to the trial court for a determination of the proper amount of credit Coppinger should be given for time served on probation and community control. *See Kimball v. State*, 890 So. 2d 495, 496 (Fla. 5th DCA 2004).

*Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.*

CIKLIN and LEVINE, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***